## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This is a Settlement Agreement and Release of All Claims by and between Cory Wise, his heirs, successors and assigns (collectively referred to in the rest of this document as "Mr. Wise") and Bravo Foods LLC d/b/a Taco Bell, including its parents, subsidiaries, successors, assigns, and related companies, and their shareholders, directors, officers, employees, or agents (collectively referred to in the rest of this document as "Defendant").

### Preliminary Statement

Mr. Wise was employed by Defendant and this employment relationship has ended.  Mr. Wise made a claim against Defendant alleging that he was not properly paid overtime under the Fair Labor Standards Act.  The aforementioned claim is the subject of a lawsuit filed in the United States District Court for the Middle District of Florida, Orlando Division, Case No. 6:15-CV-1199-Orl-41DAB.  Defendant denies any liability or wrongdoing and has vigorously defended this claim.  The parties have now agreed to end all claims and settle the aforementioned lawsuit.

Mr. Wise enters into this Settlement Agreement and Release of All Claims freely and voluntarily having had the benefit and advice of counsel of his own attorney.  Mr. Wise is satisfied with the opportunity and/or advice and hereby warrants that no additional time or review or advice is desired or has been requested.

### Terms and Conditions

And for the consideration stated in this agreement, Mr. Wise and Defendant, by executing this Settlement Agreement and Release of All Claims, do hereby agree as follows:

I.   **SETTLEMENT**:  Mr. Wise knows, acknowledges and understands that by signing this Settlement Agreement and Release of All Claims, he is satisfied with this result and the end of all claims which were in the lawsuit described above as well as any and all claims which could have been raised, even if they are not known to or recognized by Mr. Wise

at this time.  Mr. Wise knows, acknowledges and agrees that this Settlement Agreement and Release of All Claims is a general and all-encompassing agreement.  Mr. Wise agrees that there might have been claims about which he did not know and he further expressly waives and assumes the risk of any and all claims for damages which may exist as of this date but which Mr. Wise does not know of or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, whether of Mr. Wise or any other person, and which, if known, would materially affect his decision to enter into this Settlement Agreement and Release of All Claims.  Even knowing that, Mr. Wise is entering into this settlement, dismissing the aforementioned lawsuit against Defendant with prejudice, and signing this Settlement Agreement and Release of All Claims.  Mr. Wise further agrees that he has been fully paid all remuneration owed for all hours worked while employed by Defendant, and that he is not owed any additional money as compensation or remuneration from Defendant.

II.     **RELEASE OF ALL CLAIMS**:  It is further agreed and understood that this Settlement Agreement and Release of All Claims is intended to release and does hereby release all claims of Mr. Wise against Defendant which might exist.  Mr. Wise hereby warrants that no part of his claim or any right to receive any settlement or proceeds hereunder have been assigned or conveyed to any natural or legal person either intentionally or by operation of law.

Mr. Wise agrees not to file any claims of any kind against Defendant with any state or federal court, whether known or unknown, including claims or lawsuits complaining of defamation, breach of employment contract, retaliation or employment discrimination, including but not limited to disability, age, race, sex, religion, or national origin discrimination, and specifically waives any rights which Mr. Wise may have under Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Older Worker Benefit Protection Act, the Family and Medical Leave Act, ERISA, the Fair Labor Standards Act of 1938, the Florida Whistleblower Act, the anti-retaliation provision of the Florida Workers' Compensation law, any state or federal defamation law, any state or federal Whistleblower statute, OSHA, 42 U.S.C. § 1981, 1983, or 1985 or any other state or federal statute or local ordinance, law, rule or regulation, whether relating to employment or not, including state or Federal common law.  In the event that Mr. Wise files a charge with an administrative agency that would otherwise have been released by this paragraph, Mr. Wise may be limited to non-monetary relief.  This Agreement does not waive or release any claims based on actions or omissions that occur after the date of signing this Agreement.

III.    **DUTIES OF DEFENDANT - CONSIDERATION**:

Defendant shall pay to Mr. Wise a total of $6,500.00, including attorney's fees and costs. These payments will be made as follows:

1. One check made payable to Cory Wise in the amount of $750.00, less applicable taxes and withholdings, for which a W2 shall be issued;

2. One check made payable to Cory Wise in the amount of $750.00 for which a 1099 shall be issued; and

3. One check made payable to Richard Celler Legal, P.A. in the amount of $5,000.00 for which a 1099 shall be issued.

Mr. Wise shall provide Defendant with a fully executed IRS Form W4 and IRS Form 1099; Richard Celler Legal, P.A. shall provide Defendant with a fully executed IRS Form 1099.

Defendant will tender payment as described in this paragraph within 15 days of dismissal with prejudice of Case No. 6:15-CV-1199-Orl-41DAB or receipt by Defendant of the completed tax forms, whichever is later.

Mr. Wise acknowledges that this consideration is (1) sufficient, (2) received, and (3) the sole and exclusive consideration for this Settlement Agreement and Release of All Claims. Mr. Wise further acknowledges that he is not otherwise entitled to this consideration.

IV. **DUTIES OF MR. WISE:**

1. **RELEASE**: Mr. Wise agrees to release all claims as set forth in paragraph II above. Mr. Wise also agrees to execute all documents necessary to have his lawsuit against Defendant dismissed with prejudice. Mr. Wise further agrees to withdraw any administrative charges he may have pending before any local, state or federal agency related to Defendant.

2. **CONFIDENTIALITY AND PENALTY**: Mr. Wise agrees that (i) the facts and terms and conditions of this Agreement, (ii) the negotiation of this Agreement, and (iii) any facts relating to his employment with Defendant, including any claims he may have brought against Defendant and the resolution thereof shall not be disclosed in any way to any person except (1) with Defendant's prior written consent, which Defendant may in its sole discretion grant or deny, (2) pursuant to a validly executed subpoena, (3) pursuant to an order of a court or other entity with competent jurisdiction, (4) as required by an administrative agency or (5) to Mr. Wise's lawyers or accountants as needed. Mr. Wise agrees to give notice to Defendant within a reasonable time, but no later than five days before the date for production or testimony (after receipt of any subpoena or other order for testimony or production of documents covered by this Confidential Agreement), and further agrees that he will not testify or produce documents until the date required by the subpoena or other order. All notices shall be directed to: The Chief People Office, Celebration Restaurant Group, LLC, 1146 Celebration Blvd., Celebration, Florida 34747.

Mr. Wise further agrees that if at any time after the execution of this Agreement it

is established that he violated the terms of this confidentiality provision, Defendant shall have the right to seek appropriate relief, including, but not limited to, a permanent injunction restraining him from further violations. Mr. Wise further agrees that damages for any breach of this confidentiality promise will be difficult to calculate and that should he breach this promise of confidentiality, Defendant shall be entitled to bring legal action against him in a court of competent jurisdiction for any such breach. Upon the entry of any judgment finding such a breach, Defendant shall also be entitled to recover $500.00 as liquidated damages for each such breach as well as attorney's fees and costs associated with obtaining the judgment.

3.   **COVENANT NOT TO SEEK EMPLOYMENT**:  Mr. Wise will not seek employment with Defendant or any parent, subsidiary, affiliate or successor company, or their successors, in any capacity whatsoever.

4.   **NONDISPARAGEMENT**:  Mr. Wise shall refrain from making any written or oral statement or taking any action, directly or indirectly, which is known or reasonably should be known to be disparaging or negative concerning Defendant, including its employees, except Mr. Wise may provide truthful information in response to a valid subpoena or other legal process, or in connection with a government charge or investigation. Mr. Wise hereto also shall refrain from suggesting to anyone that any written or oral statements be made which that party knows or reasonably should know to be disparaging or negative concerning Defendant, or from urging or influencing any person to make any such statement.

Mr. Wise further agrees that if at any time after the execution of this Agreement it is established that he violated the terms of this non-disparagement provision, Defendant shall have the right to seek appropriate relief, including, but not limited to, a permanent injunction restraining him from further violations. Mr. Wise further agrees that damages for any breach of this non-disparagement promise will be difficult to calculate and that should he breach this promise of non-disparagement, Defendant shall be entitled to bring legal action against him in a court of competent jurisdiction for any such beach. Upon the entry of any judgment finding such a breach, Defendant shall also be entitled to recover $500.00 as liquidated damages for each such breach as well as attorney's fees and costs associated with obtaining the judgment.

5.   **CAREFUL READING**:  Mr. Wise further states that the foregoing Settlement Agreement and Release of All Claims has been carefully read by Mr. Wise, and he knows and understands the contents thereof and the Settlement Agreement and Release of All Claims has been fully explained to Mr. Wise.

6.   **FINAL SETTLEMENT**:  Mr. Wise does voluntarily accept the aforesaid sum and consideration for the purpose of making a full and final settlement of all claims against Defendant, past, present and future, and including any and all claims upon Mr. Wise's death, by beneficiaries, spouse, dependents, heirs,

children, estate and legal representatives, and all other persons.

7.  **CAPACITY**:  Mr. Wise hereby declares that he is eighteen years of age or over and that Mr. Wise suffers from no legal disabilities or mental/physical disability which would disable or incapacitate, even in part, him from executing this Settlement Agreement and Release of All Claims.  Mr. Wise warrants and represents that he has not taken any drug or medication prior to the execution of this Release which would prevent Mr. Wise from understanding the terms herein.

8.  **INDEMNIFICATION**:    Mr. Wise agrees to indemnify and hold harmless Defendant against any and all claims, including attorney's fees incurred by Defendant where such claims might arise as a result of any claim of the IRS or the United States for unpaid taxes or by his attorneys for fees or costs allegedly due for any representation or as a result of a breach of any of Mr. Wise's duties under this agreement. Mr. Wise agrees to be responsible for all taxes due upon the consideration paid and agrees to indemnify and hold harmless Defendant from any claims for taxes, interest and/or penalties claimed due as a result of the payment of said consideration.  The parties hereto hereby waive their right to jury trial in any dispute arising hereunder as part of the consideration for entering into this Settlement Agreement and Release of All Claims.

V.  **CONSIDERATION**:   Mr. Wise hereby expressly states that the above consideration (the value to Mr. Wise) is in full payment for this Settlement Agreement and Release of All Claims and is sufficient and satisfactory in all regards.  There is no understanding, agreement, or promise of any kind or nature for any more or future consideration whatsoever, either implied and/or expected.

## General Terms

VI.  **OTHER DOCUMENTS**:   Mr. Wise agrees to dismiss Case No. 6:15-CV-1199-Orl-41DAB with prejudice and to execute all appropriate documents to cause that to happen.

VII.  **VOLUNTARY EXECUTION**: Mr. Wise has not been influenced or coerced in any manner or to any extent to execute this Settlement Agreement and Release of All Claims by any representations or statements of Defendant or its representatives regarding said claims.  Mr. Wise has voluntarily executed this Settlement Agreement and Release of All Claims.

VIII.  **ORIGINALS**:  This Settlement Agreement and Release of All Claims may be signed in one or more counterparts, each of which, when executed with the same formality and in the same manner as the original, shall constitute an original.

IX.  **OTHER CONDITIONS**:  It is further understood and agreed that this Settlement Agreement and Release of All Claims is not to be construed as an admission of liability on the part of Defendant by whom liability is expressly denied and no past or present negligence or wrongful act on the part of Defendant is to be implied by such payment or

negligence or wrongful act on the part of Defendant is to be implied by such payment or negotiations.

X.   **APPLICABLE LAW**:  This Settlement Agreement and Release of All Claims is entered into in the State of Florida and shall be construed and interpreted in accordance with the laws of the State of Florida.

XI.   **INTEGRATION**:  This Settlement Agreement and Release of All Claims contains the entire agreement between the parties with respect to Mr. Wise's claims as set forth in the Preliminary Statement above.   There are no other agreements, warranties, or representations which form any part of the Settlement Agreement and Release of All Claims to resolve the respective claims and rights of the parties of these claims.

XII.   **MODIFICATION**:   There may be no change or modification of this Settlement Agreement and Release of All Claims at any time, even after its execution unless there is both new consideration <u>and</u> a written modification signed by all parties hereto.  Except as expressly stated in this agreement, this Settlement Agreement and Release of All Claims supersedes and renders null and void any previous employment agreements or contracts, whether written or oral, between the parties.

XIII.   **SINGULAR**:  The terms Mr. Wise and Defendant may refer to multiple parties or persons both jointly and severally.

XIV.   **OPPORTUNITY TO CONSIDER AND CONFER**:  Defendant has advised Mr. Wise to consult with an attorney prior to executing this Agreement, and he acknowledges having been given sufficient time to do so.  The parties acknowledge that each has had the opportunity to read, study, consider, and deliberate upon this Agreement, have been given the opportunity to consult with counsel or an otherwise competent representative, and both parties fully understand and are in complete agreement with all of the terms of this Agreement.

XV.   **EFFECTIVE DATE**:  This Agreement becomes effective upon full execution by all parties.

EXECUTED this _23_ day of _November_ 2015 by:

_Cory Wise_
Mr. Cory Wise

SIGNED, SEALED AND DELIVERED in the presence of:

_Cheri Millean_
WITNESS SIGNATURE

_Cherri Million_
WITNESS NAME
(Print or Type)

_2301 RRS Patton MO_
WITNESS ADDRESS


EXECUTED this _23_ day of _Nov_, 2015 by:


_____

Bravo Foods LLC d/b/a Taco Bell
By:
Title:

# Form W-4 (2015)

**Purpose.** Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay. Consider completing a new Form W-4 each year and when your personal or financial situation changes.

**Exemption from withholding.** If you are exempt, complete only lines 1, 2, 3, 4, and 7 and sign the form to validate it. Your exemption for 2015 expires February 16, 2016. See Pub. 505, Tax Withholding and Estimated Tax.

**Note.** If another person can claim you as a dependent on his or her tax return, you cannot claim exemption from withholding if your income exceeds $1,050 and includes more than $350 of unearned income (for example, interest and dividends).

**Exceptions.** An employee may be able to claim exemption from withholding even if the employee is a dependent, if the employee:
- Is age 65 or older,
- Is blind, or
- Will claim adjustments to income; tax credits; or itemized deductions, on his or her tax return.

The exceptions do not apply to supplemental wages greater than $1,000,000.

**Basic instructions.** If you are not exempt, complete the **Personal Allowances Worksheet** below. The worksheets on page 2 further adjust your withholding allowances based on itemized deductions, certain credits, adjustments to income, or two-earners/multiple jobs situations.

Complete all worksheets that apply. However, you may claim fewer (or zero) allowances. For regular wages, withholding must be based on allowances you claimed and may not be a flat amount or percentage of wages.

**Head of household.** Generally, you can claim head of household filing status on your tax return only if you are unmarried and pay more than 50% of the costs of keeping up a home for yourself and your dependent(s) or other qualifying individuals. See Pub. 501, Exemptions, Standard Deduction, and Filing Information, for information.

**Tax credits.** You can take projected tax credits into account in figuring your allowable number of withholding allowances. Credits for child or dependent care expenses and the child tax credit may be claimed using the **Personal Allowances Worksheet** below. See Pub. 505 for information on converting your other credits into withholding allowances.

**Nonwage income.** If you have a large amount of nonwage income, such as interest or dividends, consider making estimated tax payments using Form 1040-ES, Estimated Tax for Individuals. Otherwise, you may owe additional tax. If you have pension or annuity income, see Pub. 505 to find out if you should adjust your withholding on Form W-4 or W-4P.

**Two earners or multiple jobs.** If you have a working spouse or more than one job, figure the total number of allowances you are entitled to claim on all jobs using worksheets from only one Form W-4. Your withholding usually will be most accurate when all allowances are claimed on the Form W-4 for the highest paying job and zero allowances are claimed on the others. See Pub. 505 for details.

**Nonresident alien.** If you are a nonresident alien, see Notice 1392, Supplemental Form W-4 Instructions for Nonresident Aliens, before completing this form.

**Check your withholding.** After your Form W-4 takes effect, use Pub. 505 to see how the amount you are having withheld compares to your projected total tax for 2015. See Pub. 505, especially if your earnings exceed $130,000 (Single) or $180,000 (Married).

Future developments. Information about any future developments affecting Form W-4 (such as legislation enacted after we release it) will be posted at www.irs.gov/w4.

| | Personal Allowances Worksheet (Keep for your records.) | | |
|---|---|---|---|
| A | Enter "1" for **yourself** if no one else can claim you as a dependent . . . . . . . . . . | A | 1 |
| B | Enter "1" if: { • You are single and have only one job; or<br>• You are married, have only one job, and your spouse does not work; or<br>• Your wages from a second job or your spouse's wages (or the total of both) are $1,500 or less. } | B | 1 |
| C | Enter "1" for your **spouse**. But, you may choose to enter "-0-" if you are married and have either a working spouse or more than one job. (Entering "-0-" may help you avoid having too little tax withheld.) | C | 0 |
| D | Enter number of **dependents** (other than your spouse or yourself) you will claim on your tax return . | D | 0 |
| E | Enter "1" if you will file as **head of household** on your tax return (see conditions under Head of household above) | E | 1 |
| F | Enter "1" if you **have** at least $2,000 of **child or dependent care expenses** for which you plan to claim a credit **(Note.** Do **not** include child support payments. See Pub. 503, Child and Dependent Care Expenses, for details.) | F | |
| G | **Child Tax Credit** (including additional child tax credit). See Pub. 972, Child Tax Credit, for more information.<br>• If your total income will be less than $65,000 ($100,000 if married), enter "2" for each eligible child; then **less** "1" if you have two to four eligible children or **less** "2" if you have five or more eligible children.<br>• If your total income will be between $65,000 and $84,000 ($100,000 and $119,000 if married), enter "1" for each eligible child . . . | G | |
| H | Add lines A through G and enter total here. **(Note.** This may be different from the number of exemptions you claim on your tax return.) ▶ | H | 3 |

For accuracy, complete all worksheets that apply.
- If you plan to itemize or claim adjustments to **income** and want to reduce your withholding, see the Deductions and Adjustments Worksheet on page 2.
- If you are **single** and have more than one job or are **married** and you and your spouse both work and the combined earnings from all jobs exceed $50,000 ($20,000 if married), see the **Two-Earners/Multiple Jobs Worksheet** on page 2 to avoid having too little tax withheld.
- If **neither** of the above situations applies, **stop here** and enter the number from line H on line 5 of Form W-4 below.

Separate here and give Form W-4 to your employer. Keep the top part for your records.

**Form W-4**

Department of the Treasury
Internal Revenue Service

**Employee's Withholding Allowance Certificate**

▶ Whether you are entitled to claim a certain number of allowances or exemption from withholding is subject to review by the IRS. Your employer may be required to send a copy of this form to the IRS.

OMB No. 1545-0074

**2015**

| 1 Your first name and middle initial | Last name | 2 Your social security number |
|---|---|---|
| Cory L | Wise | 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 |

Home address (number and street or rural route)
1211 Hidden Valley Lakes

3 ☒ Single ☐ Married ☐ Married, but withhold at higher Single rate.
Note. If married, but legally separated, or spouse is a nonresident alien, check the "Single" box.

City or town, state, and ZIP code
Annapolis, MO 63620

4 If your last name differs from that shown on your social security card, check here. You must call 1-800-772-1213 for a replacement card. ▶ ☐

| 5 | Total number of allowances you are claiming (from line H **or** from the applicable worksheet on page 2) | 5 | |
| 6 | Additional amount, if any, you want withheld from each paycheck | 6 | $ 1.00 |
| 7 | I claim exemption from withholding for 2015, and I certify that I meet **both** of the following conditions for exemption.<br>• Last year I had a right to a refund of **all** federal income tax withheld because I had **no** tax liability, **and**<br>• This year I expect a refund of **all** federal income tax withheld because I expect to have **no** tax liability.<br>If you meet both conditions, write "Exempt" here ▶ | 7 | |

Under penalties of perjury, I declare that I have examined this certificate and, to the best of my knowledge and belief, it is true, correct, and complete.

Employee's signature
(This form is not valid unless you sign it.) ▶ Cory Wise   Date ▶ 11/23/15

| 8 Employer's name and address (Employer: Complete lines 8 and 10 only if sending to the IRS.) | 9 Office code (optional) | 10 Employer identification number (EIN) |
|---|---|---|

For Privacy Act and Paperwork Reduction Act Notice, see page 2.   Cat. No. 10220Q   Form **W-4** (2015)