# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CORY WISE,**

       **Plaintiff,**

**v.**                                                  **Case No:   6:15-cv-1199-Orl-41DAB**

**BRAVO FOODS LLC,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **THIRD AMENDED MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 21)**
>
> **FILED:**     **February 11, 2016**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED for the reasons set forth below**.

This cause came on for consideration of the parties' **Third** Amended Joint Motion for Approval of Settlement (Doc. 21) and the District Judge's referral to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). Plaintiff Cory Wise filed suit against Defendant Bravo Foods LLC, d/b/a Taco Bell on July 24, 2015 seeking to recover unpaid overtime and liquidated damages from his eight months of employment in Defendant's restaurant. Doc. 1. As part of the settlement between the parties, Defendant agreed to pay Plaintiff

$750 in unpaid overtime, $750 in liquidated damages, and pay Plaintiff's attorneys $5,000 in fees and costs.  Doc. 17.

The Court originally recommended that the parties' first Motion for Approval of Settlement (Doc. 13) be denied because they had not filed the settlement documents and the Court could not assess the fairness of the overall settlement.  Doc. 15.  Subsequently, the parties filed their Second Amended Motion for Approval of Settlement (Doc. 17) and attached the Settlement Agreement, so the District Judge mooted the first Motion and the Report and Recommendation.  Doc. 19.  This Court denied without prejudice the Second Motion for Approval of Settlement because no attorney time records were provided and there was insufficient information to determine whether the fees and costs paid to Plaintiff's attorney were "fair and reasonable."  Doc. 20.  Their Settlement Agreement dated November 23, 2015 also contained a "general release of every conceivable employment-related claim which 'might exist.'"  Doc. 20.

Now before the Court is the parties' Third Amended Motion for Approval of Settlement (Doc. 21) for a determination of the fairness.   Unfortunately, the parties have not explained how to overcome the deficiencies pointed out in this Court's previous Order (Doc. 20).

The parties now explain that Plaintiff's overtime claim was made on the basis of his handwritten notes and, according to the joint Motion, these were contradicted by other records produced in discovery:

> Plaintiff provided handwritten notes purporting to identify the hours Plaintiff claims he worked and yet was not paid. Plaintiff worked for Defendant for less than eight months and earned $9.75 per hour.  Defendant denied that Plaintiff was not properly paid overtime for all hours worked in excess of 40 in a work week. Further, a review of Defendant's time records showed that no adjustments had been made to Plaintiff's time and that Plaintiff's recorded time worked was never decreased by Defendant. Further, the handwritten notes provided by Plaintiff did not support that he worked time for which he was not paid. A careful review of those records showed that Plaintiff was either (1) paid for the times he listed or (2)

> that he clearly did not work during the time identified based on the number of other people who were scheduled and paid to work during the identified shift.

Doc. 21 at 2.  Plaintiff's portion of the settlement is $750 for unpaid wages and $750 in liquidated damages, and this amount is reasonable given the parties' agreed statement that Plaintiff's contentions were contradicted by the records.

The amount of the settlement attributable to fees and costs is $5,000, of which reimbursable costs total $455 for the filing fee and service of process.   In support of the portion attributable to fees, $4,545, Plaintiff's counsel has submitted time sheets reportedly showing that he spent 17.50 hours on tasks at an hourly rate of $450, and his paralegal spent 5.4 hours at an hourly rate of $105. Doc. 21-2.  While the paralegal time and rate are reasonable (totaling $567), Mr. Celler's time entries seem overstated and include block billing for tasks done in "1 hour increments" that appear to contain some administrative tasks, such as January 12 "I filed the wrong Exhibit A to the Amended Motion. Refiled Second Amended Motion with correct Exhibit A; 1 hr./$450/hr." Doc. 21-2 at 6.  While recognizing that some of Mr. Celler's time and certainly the rate he proposes are overstated, at the rate the Court generally applies to the work of experienced counsel in FLSA cases which settle without trial, $350/hour, the remaining amount of $3,978 ($4,545 - $567) is supported by 11.4 hours of attorney work.  Even with reductions for the block billing and administrative tasks, counsel prepared the Complaint, collected Plaintiff's time and pay to produce them, negotiated the settlement, and filed the settlement documents; these tasks support time of 11.4 hours.   Thus, an attorney fee of $4,978, plus fees for paralegal time of $567, and costs of $455, or $5,000 in total, is fair and reasonable.

However, even though Plaintiff's Complaint states a *single* claim for relief under the Fair Labor Standards Act, the Settlement Agreement contains a *general release* of every conceivable employment-related claim which "might exist":

> [Plaintiff] agrees not to file any claims of any kind against Defendant with any state or federal court, whether known or unknown, including claims or lawsuits complaining of defamation, breach of employment contract retaliation or employment discrimination, including but not limited to disability, age, race, sex, religion, or national origin discrimination, and specifically waives any rights which [Plaintiff] may have under Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Older Worker Benefit Protection Act, the Family and Medical Leave Act, ER1SA, the Fair Labor Standards Act of 1938, the Florida Whistleblower Act, the anti-retaliation provision of the Florida Workers' Compensation law, any state or federal defamation law, any state or federal Whistleblower statute, OSHA, 42 U.S.C. § 1981, 1983, or 1985 or any other state or federal statute or local ordinance, law, rule or regulation, whether relating to employment or not, including state or Federal common law.

Doc. 17-1 at 2.

The parties contend in the Third Joint Motion that the general release contained in their Settlement Agreement "is appropriate and fair in this circumstance given the allegations raised by Plaintiff. In his handwritten notes, Plaintiff claims that he complained internally about his pay and overtime hours, thus raising a potential claim for retaliation under state and/or federal law. Such potential claims by Plaintiff support the need for a general release, and the parties negotiated the inclusion of a general release to provide Defendant protection from Plaintiff's potential claims." Doc. 21 at 3.   While Plaintiff has a basis for waiving a retaliation claim under the FLSA, the parties have not explained why Plaintiff needs to waive every other conceivable employment claim he might possibly allege under every conceivable employment discrimination statute, including Title VII, the ADA, ADEA, ERISA, whether or not such claims would even apply or if he falls into the suspect class that the particular statute covers.  Even with the parties' explanation, the general

release still runs afoul of Judge Mendoza's decision in *Shearer v. Estep Construction, Inc.*, in which he denied the reasonableness of an FLSA settlement which contained a "pervasive, general release" of all of the plaintiff's claims against defendant-employer. No. 6:14-cv-1658, 2015 WL 2402450 (M.D. Fla. May 20, 2015) (citing *Moreno v. Regions Bank,* 729 F.Supp.2d 1346, 1349 (M.D. Fla. 2010)).

Although the amount of the Settlement Agreement appears to be "fair and reasonable," it is **respectfully RECOMMENDED** that the parties' Third Motion for Approval be **DENIED because the Agreement contains a pervasive, general release**.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on March 4, 2016.

_David A. Baker_
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy