UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CORY WISE, on behalf of
himself and those similarly situated,   CASE NO.:  6:15-cv-1199-Orl-41DAB

    Plaintiff,

v.

BRAVO FOODS LLC, d/b/a TACO
BELL, a Foreign Limited Liability
Company,

    Defendant.
_____/

## FOURTH AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT

    Plaintiff, CORY WISE and Defendant, BRAVO FOODS LLC, d/b/a TACO BELL through undersigned counsel, hereby file this Fourth Joint Motion for Approval of Settlement, and state as follows:

    1.    Plaintiff has filed suit against Defendant alleging violations of the Fair Labor Standards Act.  The parties previously settled this lawsuit and filed a motion for approval with the Court.  In its April 6, 2016 Order approving the Magistrate's recommendation, this Court determined that all of the terms of the settlement were fair except for the inclusion of a general release in the Settlement Agreement.  [Dkts. 22 & 23].  Accordingly, the parties submit the revised Settlement Agreement signed by all parties, which does not include a general release, however, all other terms remain the same.

    2.    The Settlement Agreement, which is attached hereto as Exhibit 1, resolves all disputed claims or potential claims relating to Plaintiff's hours worked and pay received while

employed by Defendant, as well as any claims for retaliation under the Fair Labor Standards Act or Whistleblower Act, including any claims for attorney's fees and costs. The Parties request that the Court approve the Settlement Agreement as fair and reasonable in this case given the nature of the dispute, the legal issues involved and the risks and costs associated with further litigation. The release of potential retaliation claims is appropriate and fair in this circumstance given the facts of the case. In his handwritten notes, Plaintiff claims that he complained internally about his pay and overtime hours, thus raising a potential claim for retaliation under state and/or federal law. Such potential claims by Plaintiff support the need for the inclusion of a release for these specific potential retaliation claims. Plaintiff is not releasing any other claims or potential claims other than those specifically set forth herein related to his wage & hour case and any related potential retaliation claim.

WHEREFORE, for the above and foregoing reasons, the parties respectfully request that this Court approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute under the FLSA, dismiss the action with prejudice, with each party to bear its own attorney's fees and costs, and retain jurisdiction to enforce the terms of the Settlement Agreement.

Respectfully Submitted,

Dated: June 30, 2016

| s/Richard B. Celler | s/ Angelique Groza Lyons |
|---|---|
| Richard B. Celler, Esq., Fla. Bar No. 173370 | Angelique Groza Lyons, Esq., Fla. Bar No. 118801 |
| Celler Legal, P.A. | alyons@constangy.com |
| 7450 Griffin Road | CONSTANGY, BROOKS, SMITH & |
| Suite 230 | PROPHETE, LLP |
| Davie, Florida 33314 | 100 North Tampa Street, Suite 3350 |
| Telephone: (866) 344-9243 | Post Office Box 1840 |
| Fax: (954) 337-2771 | Tampa, Florida 33601-1840 |
| Email: | (813) 223-7166 / Fax: (813) 223-2515 |

3704148v.1
v.

2

| | |
|---|---|
| richard@floridaovertimelawyer.com"<br>richard@floridaovertimelawyer.com<br>Attorney for Plaintiff | Attorney for Defendant |

---

Case 6:15-cv-01199-CEM-DAB   Document 28   Filed 06/30/16   Page 3 of 7 PageID 100

# SETTLEMENT AGREEMENT

This is a Settlement Agreement by and between Cory Wise, his heirs, successors and assigns (collectively referred to in the rest of this document as "Mr. Wise") and Bravo Foods LLC d/b/a Taco Bell, including its parents, subsidiaries, successors, assigns, and related companies, and their shareholders, directors, officers, employees, attorneys or agents (collectively referred to in the rest of this document as "Bravo").

## Preliminary Statement

Mr. Wise was employed with Bravo. This employment relationship is now ended. Mr. Wise made a claim against Bravo alleging that he was not properly paid overtime for all hours worked over 40 in a work week. The aforementioned claim is the subject of a lawsuit filed in the United States District Court, Middle District of Florida, Orlando Division, Case No. 6:15-CV-1199-Orl-41DAB. Bravo denies any liability or wrongdoing and has vigorously defended this claim. The parties have now agreed to end all claims and settle the aforementioned lawsuit.

Mr. Wise enters into this Settlement Agreement freely and voluntarily having had the benefit and advice of counsel of his own attorney. Mr. Wise is satisfied with the opportunity and/or advice and hereby warrants that no additional time or review or advice is desired or has been requested.

## Terms and Conditions

And for the consideration stated in this agreement, Mr. Wise and Bravo, by executing this Settlement Agreement, do hereby agree as follows:

1. **SETTLEMENT**: Mr. Wise knows, acknowledges and understands that by signing this Settlement Agreement, he is satisfied with this result and the end of all claims which were in the lawsuit described above as well as any and all claims which could have been raised, even if they are not known to or recognized by Mr. Wise at this time. Mr. Wise also releases all claims against Bravo for retaliation under the Fair Labor Standards Act and the Florida Whistleblower Act, whether known or unknown. There will be no more

**Exhibit 1**

lawsuits or claims between Mr. Wise and Bravo in any way relating to the hours he worked, pay he received or compensation paid by Bravo, or to any claims of retaliation under the Fair Labor Standards Act of Florida Whistleblower Act.

II. **DUTIES OF BRAVO**: Bravo shall pay to Mr. Wise a total of $6,500.00, including attorney's fees and costs. These payments will be made as follows:

   1. One check made payable to Cory Wise in the amount of $750.00, less applicable taxes and withholdings, for which a W2 shall be issued;

   2. One check made payable to Cory Wise in the amount of $750.00 for which a 1099 shall be issued; and

   3. One check made payable to Richard Celler Legal, P.A. in the amount of $5,000.00 for which a 1099 shall be issued.

Mr. Wise shall provide Bravo with a fully executed IRS Form W4 and IRS Form 1099; Richard Celler Legal, P.A. shall provide Bravo with a fully executed IRS Form 1099. Bravo will tender payment as described in this paragraph within 15 days of dismissal with prejudice of Case No. 6:15-CV-1199-Orl-41DAB or receipt by Bravo of the completed tax forms, whichever is later.

Mr. Wise acknowledges that this consideration is (1) sufficient, (2) received, and (3) the sole and exclusive consideration for this Settlement Agreement.

III. **DUTIES OF MR. WISE**:

   1. **RELEASE**: Mr. Wise agrees to settle and release all claims under the FLSA or for wages or for retaliation under the Fair Labor Standards Act or the Florida Whistleblower Act. Mr. Wise also agrees to execute all documents necessary to have Case No. 6:15-CV-1199-Orl-41DAB dismissed with prejudice.

   2. **CAREFUL READING**: Mr. Wise further states that the foregoing Settlement Agreement has been carefully read by Mr. Wise, and he knows and understands the contents thereof and the Settlement Agreement has been fully explained to Mr. Wise.

   3. **FINAL SETTLEMENT**: Mr. Wise does voluntarily accept the aforesaid sum and consideration for the purpose of making a full and final settlement of all FLSA and/or wage claims against Bravo, past, present and future, and including any and all claims upon Mr. Wise's death, by beneficiaries, spouse, dependents, heirs, children, estate and legal representatives, and all other persons.

   4. **CAPACITY**: Mr. Wise hereby declares that he is eighteen years of age or over and that Mr. Wise suffers from no legal disabilities or mental/physical disability which would disable or incapacitate, even in part, him from executing this

Settlement Agreement. Mr. Wise warrants and represents that he has not taken any drug or medication prior to the execution of this Release which would prevent Mr. Wise from understanding the terms herein.

5. **INDEMNIFICATION**: Mr. Wise agrees to indemnify and hold harmless Bravo against any and all claims, including attorney's fees incurred by Bravo where such claims might arise as a result of any claim of the IRS or the United States for unpaid taxes or by his attorneys for fees or costs allegedly due for any representation or as a result of a breach of any of Mr. Wise's duties under this agreement. Mr. Wise agrees to be responsible for all taxes due upon the consideration paid and agrees to indemnify and hold harmless Bravo from any claims for taxes, interest and/or penalties claimed due as a result of the payment of said consideration. The parties hereto hereby waive their right to jury trial in any dispute arising hereunder as part of the consideration for entering into this Settlement Agreement.

IV. **CONSIDERATION**: Mr. Wise hereby expressly states that the above consideration (the value to Mr. Wise) is in full payment for this Settlement Agreement and is sufficient and satisfactory in all regards. There is no understanding, agreement, or promise of any kind or nature for any more or future consideration whatsoever, either implied and/or expected arising from Mr. Wise's FLSA claim.

### General Terms

V. **OTHER DOCUMENTS**: Mr. Wise and Bravo agree to submit a joint motion for approval of the settlement and for dismissal of this action with prejudice, which means that it can never be refiled. Mr. Wise further agrees that if any further documents are needed to cause the approval of the settlement and/or dismissal with prejudice, Mr. Wise will also cause them to be promptly executed, it being the sincere desire of the parties to conclude all aspects of any dispute between the parties hereto so that no further expenditures will be necessary. In the event that all claims against Bravo are not dismissed with prejudice, the parties agree that this Settlement Agreement may, at the option of Bravo, be declared *void ab initio*, meaning that this Settlement Agreement will be as if it had never existed or been signed.

VI. **VOLUNTARY EXECUTION**: Mr. Wise has not been influenced or coerced in any manner or to any extent to execute this Settlement Agreement by any representations or statements of Bravo or Bravo's representatives regarding said claims. Mr. Wise has voluntarily executed this Settlement Agreement.

VII. **ORIGINALS**: This Settlement Agreement may be signed in one or more counterparts, each of which, when executed with the same formality and in the same manner as the original, shall constitute an original.

VIII. **OTHER CONDITIONS**: It is further understood and agreed that this Settlement Agreement is not to be construed as an admission of liability on the part of Bravo by

whom liability is expressly denied and no past or present negligence or wrongful act on the part of Bravo is to be implied by such payment or negotiations.

IX. **APPLICABLE LAW**: This Settlement Agreement is entered into in the State of Florida and shall be construed and interpreted in accordance with the laws of the State of Florida.

X. **INTEGRATION**: This Settlement Agreement contains the entire agreement between the parties with respect to Mr. Wise's FLSA claims. There are no other agreements, warranties, or representations which form any part of the Settlement Agreement to resolve the respective FLSA claims and rights of the parties.

XI. **MODIFICATION**: There may be no change or modification of this Settlement Agreement at any time, even after its execution unless there is both new consideration and a written modification signed by all parties hereto. Except as expressly stated in this agreement, this Settlement Agreement supersedes and renders null and void any previous employment agreements or contracts, whether written or oral, between the parties.

XII. **SINGULAR**: Although the terms Mr. Wise and Bravo have been used in the singular herein, the parties expressly agree that such use was for drafting convenience jointly and that the terms Mr. Wise and Bravo may refer to multiple parties or persons both jointly and severally.

EXECUTED this _05_ day of _~~20~~ May_, 2016.

_____
Cory Wise

SIGNED, SEALED AND DELIVERED in the presence of:

_____
WITNESS SIGNATURE

_Kyle McKenly_
WITNESS NAME (Print)

_2980 Denham Rd Cocoa, FL 32926_
WITNESS ADDRESS

EXECUTED this _05_ day of _May_, 2016.

_____
Bravo Foods LLC d/b/a Taco Bell
By: _Janet Stewart_
Title: _Chief People Officer_

4