# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CORY WISE,**

       **Plaintiff,**

**v.**                                          **Case No:   6:15-cv-1199-Orl-41DAB**

**BRAVO FOODS LLC,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **FOURTH JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. 28)**
>
> **FILED:**     **June 30, 2016**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration of the parties' Fourth Joint Motion for Approval of Settlement (Doc. 28) and the District Judge's referral to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). Plaintiff Cory Wise filed suit against Defendant Bravo Foods LLC, d/b/a Taco Bell on July 24, 2015 seeking to recover unpaid overtime and liquidated damages from his eight months of employment in Defendant's restaurant. Doc. 1. As part of the settlement between the parties, Defendant agreed to pay Plaintiff $750 in unpaid overtime, $750 in liquidated damages, and pay to Plaintiff's attorneys $5,000 in fees and costs. Doc. 28 at 4.

The Court originally recommended that the parties' first Motion for Approval of Settlement (Doc. 13) be denied because they had not filed the settlement documents and the Court could not assess the fairness of the overall settlement. Doc. 15. Subsequently, the parties filed their Second Amended Motion for Approval of Settlement (Doc. 17) and attached the Settlement Agreement, so the District Judge mooted the first Motion and the Report and Recommendation. Doc. 19. This Court denied without prejudice the Second Motion for Approval of Settlement because no attorney time records were provided and there was insufficient information to determine whether the fees and costs paid to Plaintiff's attorney were "fair and reasonable." Doc. 20. Their Settlement Agreement dated November 23, 2015 also contained a general release. Doc. 20.

In their Third Motion for Approval, the parties had failed to explain how they proposed to overcome the deficiencies pointed out in this Court's previous Orders, including Plaintiff's general release of every employment-related claim which "might exist." Doc. 22. As the Court pointed out, "[w]hile Plaintiff has a basis for waiving a retaliation claim under the FLSA, the parties have not explained why Plaintiff needs to waive every other conceivable employment claim he might possibly allege under every conceivable employment discrimination statute." Doc. 22. Additionally, the general release ran afoul of Judge Mendoza's decision in *Shearer v. Estep Construction, Inc.*, in which he denied the reasonableness of an FLSA settlement which contained a "pervasive, general release" of all of the plaintiff's claims against defendant-employer. No. 6:14-cv-1658, 2015 WL 2402450 (M.D. Fla. May 20, 2015) (citing *Moreno v. Regions Bank,* 729 F.Supp.2d 1346, 1349 (M.D. Fla. 2010)).

Now in this latest iteration[1] of the Settlement Agreement, with the general release omitted and a release limited to FLSA and Florida Whistleblower claims substituted (Doc. 28 at 5), the Court finds

---

[1] The delay in submitting the new Agreement was due to Plaintiff's current status on active duty in the United

the amounts reasonable and the explanation of the settlement to be satisfactory. As the Court noted previously (Doc. 22) the parties did effectively explain that Plaintiff's overtime claim was made on the basis of his handwritten notes and, according to the joint Motion, these were contradicted by other records produced in discovery:

> Plaintiff provided handwritten notes purporting to identify the hours Plaintiff claims he worked and yet was not paid. Plaintiff worked for Defendant for less than eight months and earned $9.75 per hour. Defendant denied that Plaintiff was not properly paid overtime for all hours worked in excess of 40 in a work week. Further, a review of Defendant's time records showed that no adjustments had been made to Plaintiff's time and that Plaintiff's recorded time worked was never decreased by Defendant. Further, the handwritten notes provided by Plaintiff did not support that he worked time for which he was not paid. A careful review of those records showed that Plaintiff was either (1) paid for the times he listed or (2) that he clearly did not work during the time identified based on the number of other people who were scheduled and paid to work during the identified shift.

Doc. 21 at 2. Plaintiff's portion of the settlement is $750 for unpaid wages and $750 in liquidated damages, and the Court found these amounts to be reasonable given the parties' agreed statement that Plaintiff's contentions were contradicted by the records. Doc. 22. District Judge Mendoza previously adopted the prior Report and Recommendation which found the amounts to be reasonable. Doc. 23.

The Court previously addressed some issues with the way the attorney's fee portion of the settlement was presented, but finds support for total fees and costs of $5,000, of which reimbursable costs total $455 for the filing fee and service of process.

> In support of the portion attributable to fees, $4,545, Plaintiff's counsel previously submitted time sheets reportedly showing that he spent 17.50 hours on tasks at an hourly rate of $450, and his paralegal spent 5.4 hours at an hourly rate of $105. Doc. 21-2. While the paralegal time and rate are reasonable (totaling $567), Mr. Celler's time entries seem overstated and include block billing for tasks done in "1 hour increments" that appear to contain some administrative tasks, such as January 12 "I

---

States military; he was unable to sign and return the Agreement sooner. Doc. 26.

> filed the wrong Exhibit A to the Amended Motion. Refiled Second Amended Motion with correct Exhibit A; 1 hr./$450/hr." Doc. 21-2 at 6.  While recognizing that some of Mr. Celler's time and certainly the rate he proposes are overstated, at the rate the Court generally applies to the work of experienced counsel in FLSA cases which settle without trial, $350/hour, the remaining amount of $3,978 ($4,545 - $567) is supported by 11.4 hours of attorney work.  Even with reductions for the block billing and administrative tasks, counsel prepared the Complaint, collected Plaintiff's time and pay to produce them, negotiated the settlement, and filed the settlement documents; these tasks support time of 11.4 hours.

Doc. 22.  Thus, the Court previously found that an attorney fee of $3,978, plus fees for paralegal time of $567, and costs of $455, or the total of $5,000, is fair and reasonable.  Docs. 22, 23.

The Court finds that the amounts in the May 5, 2016 Settlement Agreement for unpaid wages, liquidated damages, and attorney's fees and costs are "fair and reasonable," and it is **respectfully RECOMMENDED** that the parties' Fourth Motion for Approval be **GRANTED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 8, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy